IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-0784-WJM

VICKI L. WYCHE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

## ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Vicki L. Wyche ("Wyche") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits and supplemental security income. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Wyche was not disabled within the meaning of the Social Security Act. This appeal followed.

For the reasons set forth below, the ALJ's decision denying Wyche's application for disability insurance benefits and supplemental security income is VACATED and the case is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Wyche was born in 1962, and was 45 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 11) at 49.) Wyche completed the eighth grade and has, in the last twenty-five years, worked as a housekeeper, waitress, and fast-food

worker.  (R. at 177–81, 99.)

Wyche filed an application for a period of disability and disability insurance benefits on December 3, 2010, alleging that she has been disabled since September 1, 2007 due to multiple impairments, including: arthritis in the lower back, hands, and left arm, leg problems, learning disability, and breathing problems.  (R. at 60.)  Plaintiff also filed an application for supplemental security income on December 21, 2010, alleging the same disabilities.  (R. at 49.)  Wyche's applications were initially denied and she requested a hearing, which was held on May 23, 2012.  (R. at 58, 69.)  The ALJ, William Shaffer, denied benefits on a finding that she was not disabled.  (R. at 20.)  The Social Security Appeals Council denied review, which made the ALJ's decision the final decision of the Commissioner.  Wyche sought judicial review, and on April 17, 2015 this Court remanded for further proceedings.  (R. at 431.)  A second administrative hearing was held on November 24, 2015 in front of a different ALJ, William Musseman.  (R. at 379.)  On January 28, 2016, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.  (R. at 347.)[1]

At step one, the ALJ found that Wyche had not engaged in substantial gainful activity "during the period from her alleged onset date of September 1, 2007, through her date last insured of September 30, 2008," nor had she "engaged in substantial

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

gainful activity since December 21, 2010, the application date." (R. at 353.)

At step two, the ALJ found that Wyche did not suffer from any severe impairments through the date last insured, effectively ending his review of Wyche's disability insurance benefits application. (R. at 352–53 ("If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled.").) However, as of December 21, 2010, the protected filing date for Wyche's supplemental security income application, the ALJ found that Wyche suffered from the following severe impairments: rheumatoid arthritis and osteoarthritis, obesity, and "probable gout." (R. at 360.)

At step three, the ALJ found that Wyche's impairments, while severe, did not meet or medically equal any of the listed impairments listed in the Social Security regulations. (R. at 364.)

Before proceeding to step four, the ALJ assessed Wyche's residual functional capacity ("RFC"). The ALJ concluded that Wyche has the RFC to "perform light work." (R. at 365.) Next, at step four, the ALJ concluded that Wyche "has no past relevant work." (R. at 370.) Thus, the ALJ proceeded to step five and found that there are jobs that exist in the national economy that Wyche could perform, such as: gate guard, furniture rental consultant, and car dealer accounts investigator. (R. at 371.)

Accordingly, the ALJ found that Wyche was not entitled to either disability insurance benefits or supplemental security income. (R. at 372.) The ALJ's decision became final after sixty days. *See* 20 C.F.R. § 404.984(d). Wyche then filed this action seeking review of the ALJ's January 28, 2016 decision. (ECF No. 1.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Wyche makes five arguments as to why the ALJ's decision should be reversed: (1) the ALJ failed to properly determine Wyche's RFC, which in turn affected his step-five determination; (2) specifically as to RFC, the ALJ's finding does not account for Wyche's mental health limitations; (3) the ALJ generally failed to consider "a great number of impairments[;]" (4) the ALJ did not base his credibility finding in substantial evidence; and (5) the ALJ improperly discounted the opinions of Dr. Marten, Dr. Suyeishi, Dr. Caldwell, and Ms. Gerig.  (ECF No. 15–23.)  As the Court finds the second argument dispositive, it will address this argument first.

Wyche contends that the ALJ erred in failing to properly consider her mental impairments in formulating the RFC. (ECF No. 14 at 21 ("The mental impairment analysis at step three ended there, in violation of *Wells v. Colvin*, 727 F.3d 1061, 1064–65 (10th Cir. 2013).").) Pursuant to the Social Security regulations, "in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells,* 727 F.3d at 1065 (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). The ALJ may not "simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Id.* (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

Here, the ALJ found that Wyche suffered from the following medically determinable mental impairments: depressive disorder, post-traumatic stress disorder ("PTSD"), and borderline intellectual functioning. (R. at 361.)[2] The ALJ mentioned Wyche's mental impairments in discussing "paragraph B" criteria, which is an analysis used to rate the severity of mental impairments in four general areas of functioning at steps two and three of the sequential evaluation process. (R. at 363-64.) He found that the evidence showed that Wyche had "no more than 'mild' limitation[s]" in the first three "paragraph B" functional areas and "'no' episodes of decompensation," in the fourth area, thus concluding that Wyche's mental impairments were non-severe. (R. at 364.)

---

[2] The Court notes that both Brad Marten and Mark Suyeishi, the consulting psychologist and state agency reviewing psychologist respectively, diagnosed Wyche with borderline intellectual functioning, depressive disorder, and PTSD. (See R. at 56, 281–87.) It appears that the ALJ adopted their diagnoses by finding that Wyche suffers from those mental limitations. However, the ALJ gave "no weight" to either psychologist's opinion, and after reviewing the record, the Court finds no evidence supporting a diagnosis of the three named mental impairments other than what was discussed in those two opinions. Thus, the Court finds the ALJ's ambiguity in this respect troubling, and on remand this ambiguity should be addressed.

5

The ALJ's written decision then quoted directly from Social Security Ruling 96–8p, which states that:

> [T]he limitations identified in the "paragraph B" . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments . . . .

SSR 96-8p, 1996 WL 374184, at *4. However, immediately after quoting this language, the ALJ's decision summarily concludes that "[t]herefore, the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (R. at 364.) The decision contains no further evaluation or discussion of Wyche's functional limitations based on her mental limitations.

The Court finds that the ALJ failed to analyze Wyche's mental impairments in formulating the RFC. The ALJ properly considered those impairments at steps two and three in evaluating their possible severity. (*See* R. at 363-64.) "Under the regulations, however, a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction." *Wells*, 727 F.3d at 1065. The very language the ALJ quotes makes clear that the "paragraph B" analysis is insufficiently detailed to supplant the analysis of the same impairments that must be performed when formulating the RFC. *See* SSR 96-8p, 1996 WL 374184, at *4; (R. at 364).

6

Nevertheless, the ALJ omitted *any* discussion of Wyche's mental impairments in his RFC analysis. (*See generally* R. at 365–70.) This "suggest[s] he had excluded the [mental impairments] from consideration as part of his RFC assessment, based on his determination of non-severity." *Wells*, 727 F.3d at 1065.

The Commissioner contends that the ALJ appears to have attempted to address Wyche's mental impairments in reducing the Special Vocational Preparation ("SVP")[3], or skill level, of her RFC. (ECF No. 15 at 16 (stating that the "ALJ found at step five that [Wyche] could perform jobs with an SVP of 2 and 3 (unskilled and low level semi-skilled work)").) However, this does not satisfy the requirement in Social Security Ruling 96-8p that the ALJ perform a "detailed assessment by itemizing various functions" in formulating the RFC, nor does it make rational sense. *See* SSR 96-8p, 1996 WL 374184, at *4. The skill level of a given occupation as defined by SVP is not analytically parallel to the "paragraph B" functional categories for evaluating the severity of mental limitations. "Numerous authorities illustrate the basic point that intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level." *Wayland v. Chater*, 76 F.3d 394 (10th Cir. 1996). "While there may be circumstances in which a particular mental limitation could be so obviously accommodated by a reduction in skill level that particularized vocational evidence addressing that limitation might be dispensed with," *id*.; here, the ALJ failed to perform any RFC analysis of Wyche's mental limitations at all, let alone an analysis sufficient to

---

[3] SVP is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App.C.II., 1991 WL 688702 (4th ed. 1991).

permit the Court to determine whether such a circumstance applies here.

Thus, "to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Wells*, 727 F.3d at 1071. Accordingly, the Court concludes that the ALJ failed to properly evaluate all of Wyche's mental limitations when formulating the RFC and that this error requires remand to the ALJ.

The Court expresses no opinion as to the remainder of Wyche's arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. Further, the Court does not intend by this opinion to suggest the results that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand. *See Kepler v. Chater*, 68 F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.

Dated this 24th day of April, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge